UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| MARCUS ANTWON GREENE, | ) | C/A No.: 4:15-cv-2043-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WILLIE EAGLETON, WARDEN OF | ) | |
| EVANS CORRECTIONAL INSTITUTION,) | | |
| | ) | |
| Respondent. | ) | |

_____ )

Marcus Antwon Greene (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 19, 2015. (Doc. #1). Respondent filed a motion for summary judgment on August 17, 2015, along with a return and memorandum. (Docs. #14 and #15). The undersigned issued an order filed August 17, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #17). Petitioner filed a response on August 28, 2015. (Doc. #19).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Evans Correctional Institution pursuant to an order of commitment from the Clerk of Court of Kershaw County. Petitioner was indicted during the October 2011 term of the Kershaw County Grand Jury for Armed Robbery (2011-GS-28-0749) and Burglary in the First Degree (2011-GS-28-0753). Thereafter, Petitioner waived presentment to the Kershaw County Grand Jury for: two counts of Failure to Stop on Blue Light-First Offense (2012-GS-28-0270, -0274), Resisting Arrest (2012-GS-28-0271), Possession of Schedule I-V Drug –First Offense (2012-GS-28-0272), and Possession/Attempt to Possess Crack Cocaine –Second Offense (2012-GS-28-0273). Charlie J. Johnson, Jr., Esquire, represented Petitioner. On February 27, 2012, Petitioner appeared before the Honorable J. Ernest Kinard, Jr., where he pleaded guilty to Burglary in the Second Degree (Non-Violent), Resisting Arrest, Possession of Schedule I-V Drug –First Offense, Possession/Attempt to Possess Crack Cocaine –Second Offense, two counts of Failure to Stop for a Blue Light, and Strong Armed Robbery. Judge Kinard sentenced Petitioner to an aggregate sentence of twenty years imprisonment pursuant

to negotiations between Petitioner and the State. No direct appeal was taken.

## **PCR**

Petitioner filed an application for post-conviction relief (PCR) on November

6, 2012, raising the following claims:

1.  Plea Counsel failed to file a direct appeal;
2.  Plea counsel conspired with the State to coerce Applicant to plead guilty;
3.  Plea counsel failed to inform the court that it lacked subject matter jurisdiction.
4.  Plea counsel failed to object to defective arrest warrants;
5.  Plea counsel failed to object to defective search warrants.

(App. 29).

Respondent filed its Return on June 21, 2013, requesting an evidentiary hearing be

held. Petitioner amended his application on November 19, 2013. In his amended

application filed by his counsel on the eve of the evidentiary hearing, Petitioner

alleged as follows:

1.  Plea counsel failed to provide him the opportunity to review the discovery materials in his case before requiring him to make a decision about waiving his rights to a jury trial;
2.  Applicant alleges his pleas were not voluntarily and intelligently entered insomuch as they were the product of ineffective assistance of counsel prior to and during his plea proceeding;
3.  Plea counsel was ineffective for advising Applicant to enter pleas of guilty to charges on which he did not represent Applicant and had not engaged in the investigation of and not received discovery concerning;
4.  Applicant alleges that his pleas of guilty were not voluntarily

3

and intelligently entered insomuch as they were coerced   by misrepresentations made by the State concerning evidence that would be presented against him if he went to trial by jury;

5.      Plea counsel was ineffective for advising Applicant to plead guilty without disclosing or discussing inconsistencies present in the victim's two statements with the Applicant, and without advising him how those inconsistencies might be used to his advantage at a trial by jury;

6.      Plea counsel was ineffective for failing to advise the Applicant of problems with the victim's pre-trial participation in a photo-lineup, and for failing to discuss with the Applicant how that evidence might be used in his defense at a trial by jury;

7.      Plea counsel was ineffective for failing to obtain a preliminary hearing for the Applicant;

8.      Plea counsel was ineffective for advising the Applicant to plead guilty to drug charges without first obtaining discovery concerning the chemical analysis of the evidence alleged to be controlled substances; and

9.      The Applicant alleges that his pleas were entered in violation of his right to the equal protection of the law where his co-defendants received the benefit of full disclosure of the discovery materials which resulted in their right to jury trial and their eventual acquittal.

App.p. 38, 40.

An evidentiary hearing was convened November 20, 2013, at the Richland County Courthouse before the Honorable Robert E. Hood, Circuit Court Judge. App.p. 45-175. Petitioner was present at the hearing and was represented by Tara D. Shurling. At the evidentiary hearing, Petitioner proceeded forward on the nine allegations as set forth in his amended application and testified on his own behalf. Respondent presented testimony from plea counsel Charlie J.

4

Johnson, Jr., Esquire (hereafter "Counsel"), as well as former Assistant Solicitor Ron Moak and prosecuting Assistant Solicitor Brett Perry, Esquire.  Respondent was represented by Assistant Attorney General Megan E. Harrigan of the South Carolina Attorney General's Office. Judge Hood entered his order of dismissal dated March 6, 2014. App.p. 183-199.


## PCR APPEAL

Petitioner filed  a notice  of  appeal. He was represented by Carmen V. Ganjehsani, Appellate Defender of the South Carolina Commission on Indigent defense, Division of Appellate Defense. On November 21, 2014, counsel filed a <u>Johnson</u> Petition for Writ of Certiorari and petition to be relieved as counsel pursuant to <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988) asserting the following argument:

> Whether the PCR court erred in finding that Petitioner's guilty pleas were entered knowingly, voluntarily, and intelligently where Petitioner's plea counsel did not provide him with his discovery prior to his guilty pleas and where Petitioner was unaware at the time he pled guilty of many crucial facts that would have impacted his decision to plead guilty, including deficiencies with the victim's pre-trial identification of Petitioner, inconsistencies in two statements given by the victim, and the absence of a statement against Petitioner by his co-defendant which Petitioner was led to believe existed and which was the reason Petitioner gave a

5

statement implicating himself?

Johnson Petition for Writ of Certiorari. Along with the Johnson petition, Petitioner

submitted a *pro se* submission on December 17, 2014, raising eight issues. (See doc.

#15-2).

In an order filed March 4, 2015, the Supreme Court of South Carolina

denied the petition and granted appellant counsel's petition to be relieved. The court

issued a remittitur on March 20, 2015.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his *pro se* petition, quoted

verbatim:

GROUND ONE:    Ineffective Assistance of counsel / violation of 6th ,
5th and 14th Amendments. Petitioner alleges that he
received ineffective assistance of counsel in that:

1.    Plea counsel failed to provide him the opportunity to
review the discovery materials in his case before
requiring him to make a decision about waiving his
rights to a jury trial;

2.    The Petitioner alleges his pleas were not voluntarily
and intelligently entered insomuch as they were the
product of ineffective assistance of counsel prior to
and during his plea proceeding;

3.    Plea counsel was ineffective for advising Petitioner
to enter pleas of guilty to charges on which he did
not represent Petitioner and had not engaged in the
investigation of and not received discovery

concerning;

4.    The Petitioner alleges that his pleas of guilty were not voluntarily and intelligently entered insomuch as they were coerced by misrepresentation made by the State concerning evidence that would be presented against him if he went to trial by jury;

5.    Plea counsel was ineffective for advising Petitioner to plead guilty without discussing and disclosing the inconsistencies present in the victim's two statements with the Petitioner, and without advising him how those inconsistencies might be used to his advantage at a trial by jury;

6.    Plea counsel was ineffective for failing to advise the Petitioner of problems with the victim's pre-trial participation in a photo-lineup, and for failing to discuss with the Petitioner how that evidence might be used in his defense at a trial by jury;

7.    Plea counsel was ineffective for failing to obtain a preliminary hearing for the Petitioner;

8.    Plea counsel was ineffective for advising the Petitioner to plead guilty to drug charges without first obtaining discovery concerning the chemical analysis of the evidence alleged to be controlled substances; and

9.    The Petitioner alleges that his pleas were entered in violation of his right to the equal protection of the law where his co-defendants received the benefit of full disclosure of the discovery materials which resulted in their right to jury trial and their eventual acquittal.

(Habeas Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute

8

for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner alleges ineffective assistance of counsel. Petitioner asserts nine arguments under Ground One. The law with regard to ineffective assistance of counsel will be set out below with the allegations subsequently discussed.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the

defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable  probability  is  a  probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

12

In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d

13

347, 350 (4th Cir. 1975).[2]

## Grounds One (1) and (2)

In Ground One(1), Petitioner argues counsel was ineffective in failing to provide him the opportunity to review the discovery materials in his case before requiring him to make a decision about waiving his rights to a jury trial. In Ground One(2), Petitioner argues his plea was not voluntarily and intelligently entered as it was the product of ineffective assistance of counsel prior to and during the plea proceeding. Specifically, Petitioner argues counsel was ineffective in failing to discuss the inconsistencies in the victim's statement with him prior to his guilty plea. Respondent asserts that the State PCR court reasonably applied the mandates of the United States Supreme Court in denying relief on the claim that his counsel was ineffective concerning the opportunity to review the discovery material prior to pleading and waiving a jury trial.

This issue was raised at PCR and in the PCR appeal. The PCR judge held the following with regards to this issue:

---

[2] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

Applicant alleges that Counsel was ineffective for failing to review discovery materials with him prior to his guilty plea. Counsel testified that he filed the appropriate discovery motions and reviewed the discovery materials with Applicant prior to his guilty plea. Additionally, the uncontroverted testimony from Applicant and Counsel is that Applicant readily admitted to his guilt involving all four instances and that Applicant wanted Counsel to secure a favorable plea offer from the beginning of his representation. This Court rejects Applicant's assertion that he was unable to make an informed decision as to whether or not to plead guilty based on a lack of discovery review, when Applicant testified that he was guilty of all crimes charged, did not want to proceed to trial, and wanted Counsel to secure a favorable plea deal on his behalf. This Court finds that Counsel performed within the competency required based on the circumstances and Applicant has failed to satisfy his burden of establishing a deficiency of counsel.

Additionally, this Court finds that Applicant has failed to establish any resulting prejudice from Counsel's alleged deficiency. Applicant failed to present any evidence that but for Counsel's alleged failure to show him all discovery materials, he would not have pled guilty.

Additionally, as there was overwhelming evidence of guilt, including Applicant's confession and the statement and identification by the victim, Applicant cannot establish prejudice. . . Therefore, this allegation must be denied and dismissed with prejudice.

(Order of dismissal, Tr. 194-195).

The PCR court's rejection of Petitioner's argument that his plea was not entered knowingly and voluntarily was not "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Petitioner argues that he was told his co-defendant Jones had made a statement against him coercing him to plead guilty so that the plea was not voluntary. At the PCR hearing, both trial counsel and the prosecutor testified that no references were made by them to the Petitioner that Jones had given a statement against him that would be used if he went to trial. Counsel testified that he relayed to Petitioner that co-defendant's attorney informed him that " . . . the co-defendant client was going to testify against him and would be giving a statement against him" and if he wanted to get out of jail, he needed to cooperate with law enforcement.  (Tr. 120-121). The PCR court found their testimony credible while finding Petitioner's testimony not credible with regard to this issue. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also  Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has

16

been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with regard to Ground One (1).

## Ground One (3)

In Ground One (3), Petitioner asserts that counsel was ineffective for advising Petitioner to enter pleas of guilty to charges on which he did not represent Petitioner, and had not investigated or received discovery. Respondent argues that the PCR court was correct in denying Petitioner's ineffective assistance claim on this basis.

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR court found as follows:

> Applicant alleges that Counsel was ineffective for advising him to plead guilty to the charges arising out of the three subsequent events following the home invasion, as he was not retained to represent Applicant on those charges and did not have discovery for these charges. This Court finds that Applicant has failed to meet his requisite burden of proof in establishing that Counsel was deficient. Counsel testified that although he was only formally retained to represent Applicant on the home invasion charges, when Applicant received the subsequent charges, it was understood by both

17

Applicant and Counsel that Counsel was representing him on all pending charges. Counsel testified that the home invasion charges were of paramount concern for both him and Applicant, and he was able to secure an extremely favorable plea deal for applicant on these charges. Counsel testified that once Applicant subsequently received charges for the three other instances, the State agreed to allow him to plead to concurrent time for the new charges to secure Applicant's continued cooperation. This Court finds that Counsel's performance in advising Applicant to accept a highly advantageous plea offer from the State that would resolve all pending charges was prudent and proficient. As Applicant has failed to meet his burden of establishing any deficiency of Counsel in regards to this allegation, it must be denied and dismissed with prejudice.

Additionally, as discussed prior, this Court finds that Applicant has failed to establish any resulting prejudice, as there was overwhelming evidence of guilt, Applicant readily admitted his guilt, and stated that he never wanted to proceed to trial. Therefore, this allegation must be denied and dismissed with prejudice.

(Order of Dismissal, Tr. 195-196 ).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. At the PCR hearing, Counsel testified that Petitioner had

18

admitted the additional charges to counsel which occurred after the home invasion charges. Counsel testified that he used these charges to negotiate the home invasion charges and that the nonviolent charges had no impact on the length of sentencing. In fact, Petitioner received concurrent sentences and did not have those facing him at a later time. The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. Furthermore, the PCR court found Petitioner failed to show resulting prejudice.   The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, supra, (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(3).

**Ground One(4)**

In Ground One(4), Petitioner argues that his plea was not voluntarily and intelligently entered as it was coerced by misrepresentations made by the State concerning evidence that would be presented against him if he went to trial.

This issue was raised at PCR as alleged coercion by Counsel and the State to get Applicant to plead guilty. The PCR court held as follows:

> Applicant alleges that Counsel and the State intentionally misrepresented evidence, particularly a written statement made by Applicant's co-defendant, to coerce him to plead guilty. However, the credible testimony from Counsel, Deputy Solicitor Perry and former Assistant Moak all strongly refute this allegation. Counsel testified that after a chance meeting, counsel for Applicant's co-defendant informed him that his client was willing to testify against Applicant, counsel testified that he relayed this information to Applicant and informed him that if he wanted to receive a favorable offer, he would have to cooperate with law enforcement. Both Perry and Moak testified that they never informed Applicant or Counsel that they had any statements, written or otherwise, from Applicant's co-defendant. Counsel testified that Applicant asked him to secure a favorable plea offer from the State and readily admitted his guilt. This Court finds that Applicant has failed to meet his burden of proof, and this allegation must be denied and dismissed with prejudice.

(Order of Dismissal, tr. 196).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. As set out under Grounds One(1) and (2), Petitioner's counsel and solicitor testified at the PCR hearing that they never represented to Petitioner that the co-defendant, Jones, already had given a written statement. Counsel advised Petitioner that Jones' counsel informed him of Jones' intentions to testify or give a statement against Petitioner, and that Petitioner should cooperate before Jones gave his statement to law enforcement regarding the home invasion and his actual involvement. (Tr. 120-121). Counsel testified that he advised Petitioner to cooperate in hopes of getting favorable treatment for assisting the State against the co-defendant. (Id.). The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, supra (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also  Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to

state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, <u>supra</u>. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(4).

## Ground One(5)

In Ground One(5), Petitioner argues plea counsel was ineffective for advising him to plead guilty without discussing and disclosing the inconsistencies present in the victim's two statements with the Petitioner and without advising him how those inconsistencies might be used to his advantage at a trial by jury. Respondent argues that the PCR court's decision was correct. Respondent asserts that even though the second statement consisted of more detail and slight inconsistencies such as whether the perpetrator was brown skinned or dark skinned man and whether the man snatched her out of the shower as opposed to coming out of the shower, these inconsistencies would not have impacted greatly on an ability to impeach the victim concerning Petitioner's role where Petitioner admitted to counsel that he was the one who had entered the house but denied he was the one that fondled the victim.

This issue was raised at PCR and the court ruled as follows:

> Applicant alleges that Counsel was ineffective for failing to review and discuss alleged inconsistencies in the victim's

22

> two statements with him and how these inconsistencies could be used to his benefit at trial. This Court finds that applicant has failed to meet his required burden of proof. After hearing the testimony from the witnesses and reviewing the two statements given by the victim, which were introduced into evidence by Applicant, this Court finds that while the second statement contains more detail, there are no striking inconsistencies that have any significant impact on Applicant's case. This issue is supported by the testimony from Counsel, Perry, and Moak.

(Order of Dismissal, tr. 196-197).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. After reviewing the two statements and hearing the testimony, the PCR court found that while the second statement included more detail, there were no striking inconsistencies that have any significant impact on Petitioner's case. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. Petitioner fails to meet his burden to rebut the factual findings of the PCR court. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(5).

## Ground One(6)

In Ground One(6), Petitioner argues that plea counsel was ineffective for failing to advise him of problems with the victim's pre-trial participation in a photo-lineup, and for failing to discuss with him how that evidence might be used in his defense at a trial. Specifically, Petitioner argued that he was not told that the victim picked out two individuals from the photo lineup.

This issue was raised and ruled upon by the PCR court as follows:

> Applicant alleges that Counsel was ineffective for failing to review and discuss alleged problems with the photo line-up, particularly that the victim identified two individuals. Counsel, Perry, and Moak all testified that the victim circled two individuals because there were two perpetrators that broke into the victim's home. It is uncontroverted that one of the individuals selected is Applicant and that the other individual is Applicant's co-defendant. This Court finds that Counsel's performance was reasonable and that Applicant has failed to establish any resulting prejudice. Therefore, this allegation must be denied and dismissed with prejudice.

(Order of Dismissal, tr. 197).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2);

Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. Counsel and the solicitor testified that the victim asserted that there were two individuals in the home invasion, and she picked out Petitioner and one other person as the second individual, the co-defendant, in the photo lineup. The PCR court found Petitioner's testimony not credible while finding plea counsel's and the solicitor's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, supra (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(6).


**Ground One(7)**

25

In Ground One(7), Petitioner asserts ineffective assistance of counsel for failing to obtain a preliminary hearing.

This issue was raised at PCR and ruled upon by the court as follows:

> Applicant alleges that Counsel was ineffective for failing to obtain a preliminary hearing on his behalf. When questioned as to why he did not request a preliminary hearing, Counsel testified that Applicant fully admitted his guilt to all crimes and gave a confession for the home invasion charges. Counsel testified that he did not see any benefit that could be derived from a preliminary hearing, because there was no likelihood that the charges would have been dismissed. This Court agrees with Counsel and finds that his performance was reasonable based on the facts of Applicant's case. Therefore, this allegation must be denied and dismissed with prejudice.

(Order of Dismissal, tr. 197-198).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v.

26

Branker, supra (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(7).


**Ground One(8)**

In Ground One(8), Petitioner argues ineffective assistance of counsel for advising him to plead guilty to drug charges without first obtaining discovery concerning the chemical analysis of the evidence alleged to be controlled substances. Respondent asserts that the PCR court's ruling was not in error.

This issue was raised and ruled upon at PCR as follows:

> Applicant alleges that Counsel was ineffective for advising him to plead guilty to drug charges without obtaining discovery regarding the chemical analysis of the substances. However, Applicant testified he was guilty of

27

the drug offenses. Additionally, counsel testified that after discussing the offenses with Applicant, Applicant admitted he was guilty and that the substances were indeed illegal drugs. This Court finds that Counsel was reasonable in advising Applicant to take advantage of a favorable plea offer for concurrent sentences for the drug charges when Applicant freely admitted to him that the substances were drugs. As Applicant has failed to establish any deficiency, this allegation must be denied and dismissed with prejudice.

(Order of Dismissal, tr. 198).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Counsel testified that Petitioner admitted he was guilty of the drug offenses and that the substances were illegal. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland,  The PCR court found that, based on the testimony of the prosecutors, the co-defendants charges were only dismissed because of Petitioner's inability to be a reliable witness. The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, supra, (citing 28 U.S.C. § 2254(e)(1) (for

a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(8).

## Ground One(9)

In Ground One(9), Petitioner asserts that his pleas were entered in violation of his right to equal protection of the law where his counsel advised him to plead guilty without reviewing the discovery. Plaintiff argues that his co-defendant received the benefit of full disclosure of the discovery materials which resulted in a jury trial and eventual acquittal. Respondent submits that the PCR court's ruling reasonably applied the mandates of Hill, supra, in rejecting this claim.

This issue was raised and ruled upon at PCR as follows:

> Applicant alleges that Counsel was ineffective for advising
> him to plead guilty without reviewing discovery when his

29

> co-defendant's charges were dismissed. However, the testimony from Perry and Moak, the prosecutors handling the case, both testified that the co-defendant's charges were only dismissed because Applicant's repetitive lying and inability to be a reliable witness. This Court finds that Applicant has failed to establish his burden of proof of either deficiency of counsel or prejudice in regards to this allegation, which must be denied and dismissed with prejudice.

(Order of Dismissal, tr. 198).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court found that the prosecutors who handled the case testified that the co-defendant's charges were only dismissed because of Petitioner's inability to be a reliable witness. The PCR court found Petitioner's testimony not credible while finding the testimony of counsel and the prosecutors credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, supra, (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's

error must be stark and clear)); see also Marshall v. Lonberger, supra, ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One(9).


## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #14) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
December 30, 2015                    Thomas E. Rogers, III
Florence, South Carolina            United States Magistrate Judge

The parties' attention is directed to the important information on the attached notice.

31